## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| SAMUEL ALBARRAN, REINA REBOLLAR, and SAMUEL ALBARRAN, as next friend of VILLANEL ALBARRAN, MARIELA ALBARRAN, and MARISOL ALBARRAN, | § § § § § § § § | CIVIL ACTION FILE NO. 1:08-CV-2730-CC |
| Plaintiffs, | § § § | |
| v. | § § | |
| BEATY-GLEN COVE APARTMENTS and CARTER HASTONS REAL ESTATE, INC., | § § § § | |
| Defendants. | § | |

## INITIAL DISCLOSURES OF DEFENDANT
## CARTER HASTONS REAL ESTATE, INC.,
## IMPROPERLY NAMED AND IDENTIFIED

**(1)** **If the defendant is improperly identified, state defendant's correct identification and state whether defendant will accept service of an amended summons and complaint reflecting the information furnished in this disclosure response.**

Defendant's proper identification is Carter Haston Real Estate Services, Inc.

PDF created with pdfFactory trial version www.softwarelabs.com

Defendant will accept service of an amended summons and complaint reflecting this proper identification.

**(2)     Provide the names of any parties whom defendant contends are necessary parties to this action, but who have not been named by plaintiff. If defendant contends that there is a question of misjoinder of parties, provide the reasons for defendant's contention.**

Defendant contends that Alber Caceres is a necessary party to this action and has not been named by Plaintiffs.  Defendant reserves the right to amend this response as discovery progresses.

**(3)     Provide a detailed factual basis for the defense or defenses and any counterclaims or crossclaims asserted by defendant in the responsive pleading.**

Plaintiffs are asserting claims based upon physical and emotional injuries that they allegedly received following co-tenant Alber Caceres' unlawful entry into their apartment and his subsequent attack upon Plaintiff Rebollar.  Any damages suffered by Plaintiffs were caused solely by Alber Caceres' actions.  Furthermore, Mr. Caceres' criminal actions were unforeseeable to Defendant.

There were no prior incidents at the complex involving Mr. Caceres that would have put Defendant on notice of any violent propensities that Mr. Caceres

PDF created with pdfFactory trial version www.softwarelabs.com

may have had.  Additionally, Defendant was not aware of any substantially similar incidents on the complex premises that would have given Defendant a reason to anticipate that such an attack may occur.  Defendant was required to exercise ordinary care to protect its tenants against foreseeable third party criminal acts and did so.

**(4)    Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law which defendant contends are applicable to this action.**

The following are illustrative Code Sections and cases upon which Defendant is relying.  This list is not intended to be exhaustive:

*O.C.G.A.§ 51-3-1;*

*Traicoff v. Withers,* 247 Ga. App. 428, 544 S.E.2d 177 (2000);

*FPI Atlanta, LP, v. Seaton*, 240 Ga. App. 880, 524 S.E.2d 524 (1999);

*Sturbridge Partners, Ltd. v. Walker*, 267 Ga. 785, 482 S.E.2d 339 (1997);

*Doe v. Prudential-Bache/A.G.Spanos Realty Partners, Inc*., 268 Ga. 604, 492 S.E.2d 865 (1997);

*Ritz Carlton Hotel Co. v. Revel*, 216 Ga. App. 300, 454 S.E.2d 183 (1995)

**(5)    Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information that you may use to**

PDF created with pdfFactory trial version www.softwarelabs.com

**support your claims or defenses, unless solely for impeachment, identifying the subjects of the information. (Attach witness list to Initial Disclosures as Attachment A.)**

See Attachment A.  As discovery has not yet commenced in this matter, Defendant reserves the right to supplement its response as discovery progresses.

**(6)     Provide the name of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence. For all experts described in Fed.R.Civ.P. 26(a)(2)(B), provide a separate written report satisfying the provisions of that rule. (Attach expert witness list and written reports to Initial Disclosures as Attachment B.)**

At this time, Defendant has not identified any person who may so testify.

**(7)     Provide a copy of, or description by category and location of, all documents, data compilations, and tangible things in your possession, custody, or control that you may use to support your claims or defenses unless solely for impeachment, identifying the subjects of the information.   (Attach document list and descriptions to Initial Disclosures as Attachment C.)**

See Attachment C.  As discovery has not yet commenced in this matter, Defendant reserves the right to supplement its response as discovery progresses.

PDF created with pdfFactory trial version www.softwarelabs.com

**(8)     In the space provided below, provide a computation of any category of damages claimed by you. In addition, include a copy of, or describe by category and location of, the documents or other evidentiary material, not privileged or protected from disclosure on which such computation is based, including materials bearing on the nature and extent of injuries suffered, making such documents or evidentiary material available for inspection and copying under Fed.R.Civ.P. 34. (Attach any copies and descriptions to Initial Disclosures as Attachment D.)**

No damages are claimed by Defendant.

**(9)     If defendant contends that some other person or legal entity is, in whole or in part, liable to the plaintiff or defendant in this matter, state the full name, address, and telephone number of such person or entity and describe in detail the basis of such liability.**

Any damage suffered by Plaintiffs is solely attributable to the actions of Alber Caceres.  According to Plaintiffs' Complaint, Mr. Caceres unlawfully entered Plaintiffs' apartment and physically attacked Plaintiff Reina Rebollar.  Mr. Caceres' unforeseeable attack was the sole cause of any physical injuries to Plaintiff Rebollar and any mental and emotional injuries to all Plaintiffs. Accordingly, he is solely liable to Plaintiffs for any damage they have incurred.

PDF created with pdfFactory trial version www.softwarelabs.com

Defendant further contends that Plaintiff Rebollar's contributory negligence may have contributed to Plaintiffs' injuries.

**(10)   Attach for inspection and copying as under Fed.R.Civ.P. 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments to satisfy the judgment. (Attach copy of insurance agreement to Initial Disclosures as Attachment E.)**

A certified copy of the relevant policy has been ordered and will be provided as soon as Defendant receives same.

This 26th day of September, 2008.

Respectfully submitted,

/s/ Robyn M. Roth
RONALD F. NEGIN, ESQ.
GA Bar No. 537190
ROBYN M. ROTH, ESQ.
GA Bar No. 153025
ERIC JENNIGES
GA Bar No. 222426
**Counsel for Defendants**

**BOVIS, KYLE & BURCH, LLC**
200 Ashford Center North
Suite 500
Atlanta, Georgia  30338
Telephone:   (770) 391-9100
Facsimile:   (770) 668-0878

– 6 –

PDF created with pdfFactory trial version www.softwarelabs.com

## <u>ATTACHMENT A</u>

**DEFENDANT'S LIST OF POTENTIAL WITNESSES
THAT IT MAY USE:**

1. <u>Edwin Chanquin</u>:   3441 Fox Street

                   Apt. F-9

                   Duluth, GA 30096

                   (678) 913-1429

                   **\* Last known address and phone number**

                   Mr. Chanquin was the Maintenance Supervisor at the subject apartment complex at the time of the incident. He may testify to issues relevant to liability.

2. <u>Rocio Suazo Adame</u>:   3441 Fox Street**\***

                   Duluth, GA 30096

                   (770) 905-3520

                   **\* Last known address and phone number**

                   Ms. Adame was the property manager at the time of the incident. She may testify to issues relevant to liability.

3. <u>Angie Taylor</u>:   300 Old Lantern Way

                   Ball Ground, GA 30107

                   (678) 793-2264

PDF created with pdfFactory trial version www.softwarelabs.com

**\* Last known address and phone number**

Ms. Taylor is the Regional Manager of Carter Haston

Real Estate Services, Inc.  She may testify to issues

relevant to liability.

4.  <u>Juan Beccerra</u>:    1750 Norton Dr.

Apt.  G17

Gainesville, GA 30501

Phone Number 404-512-6517

**\* Last known address and phone number**

Mr. Beccerra is a former leasing consultant at Glenn

Cove Apartments.  He may testify as to issues relevant to

liability.

5.  <u>Sandra Botello</u>:    1750 Norton Dr.

Apt. E-1

Gainesville, GA 30501

Phone Number:  770-794-4404

**\* Last known address and phone number**

PDF created with pdfFactory trial version www.softwarelabs.com

Ms. Botello is a former leasing consultant at Glenn Cove Apartments.  She may testify as to issues relevant to liability.

6.  <u>Lois Jean Gutierrez</u>:   PO Box 907064

Gainesville, GA 30501

Phone Number:  678-521-6810

**\* Last known address and phone number**

Ms. Gutierrez is a  former property manager at Glenn Cove Apartments.  She may testify as to issues relevant to liability.

7.  <u>Gerardo Damian Vargas:</u>   750 Franklin Rd.

Apt. 2-B

Marietta, GA 30067

Phone Number:  770-896-2228

**\* Last known address and phone number**

Mr. Vargas is a former employee at Glenn Cove Apartments.  He may testify as to issues relevant to liability.

8.  <u>Beatriz Lopez</u>:   1750 Norton Dr.

PDF created with pdfFactory trial version www.softwarelabs.com

Apt. I-12

Gainesville, GA 30501

**\* Last known address**

Ms. Lopez is a former leasing consultant at Glenn Cove

Apartments.  She may testify as to issues relevant to

liability.

9.  <u>Andres Suazo</u>:    1750 Norton Dr.

Apt. G-4

Gainesville, GA 30501

**\* Last known address**

Mr. Suazo was a former maintenance worker at Glenn

Cove Apartments.  He may testify as to issues relevant to

liability.

10.  <u>Denis Barlov</u>:    678-207-6342

**\*Last known phone number**

Mr. Barlov was the courtesy officer at the Glenn Cove

Apartment complex during the time period of the subject

incident.  He may testify as to issues relevant to liability.

11.  Unkown individuals at the Hall County Sheriff's Department and the City of

PDF created with pdfFactory trial version www.softwarelabs.com

Gainesville Police Department may testify as to issues relevant to liability.

PDF created with pdfFactory trial version www.softwarelabs.com

## ATTACHMENT C

### DOCUMENTS WHICH MAY BE USED TO
### SUPPORT DEFENDANT'S CLAIMS

| __Description__ | __Location__ |
|---|---|
| 1. **Lease Agreement between Samuel Albarran and Carter Haston Real Estate Services, Inc.** | *Available for copying and inspection at defense counsel's office* |
| 2. **Lease Agreement between Alber Caceres and Carter Haston Real Estate Services, Inc.** | *Available for copying and inspection at defense counsel's office* |
| 3. **Results of Criminal Background Check on Alber Caceres** | *Available for copying and inspection at defense counsel's office* |
| 4. **Incident Reports Compiled by Carter Haston Employees** | *Available for copying and inspection at defense counsel's office* |
| 5. **Patrol Logs Compiled by Glenn Cove Courtesy Officer** | *Available for copying and inspection at defense counsel's* |

PDF created with pdfFactory trial version www.softwarelabs.com

|  |  | *office* |
|---|---|---|
| **6.** | **Service Requests for Glenn Cove** **Apartments** | *Available for copying and inspection at defense counsel's office* |
| **7.** | **Service Request Activity Reports** | *Available for copying and inspection at defense counsel's office* |
| **8.** | **Inspection Reports** | *Available for copying and inspection at defense counsel's office* |
| **9.** | **Any and all documents identified by** **Plaintiffs** | *In possession of Plaintiffs and Plaintiffs' counsel* |

PDF created with pdfFactory trial version www.softwarelabs.com

## <u>CERTIFICATE OF SERVICE</u>

I certify that, on this date, I electronically filed the foregoing **INITIAL DISCLOSURES OF DEFENDANT CARTER HASTONS REAL ESTATE, INC.** with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

Jerry C. Carter, Jr., Esq.
1362 Juanita Ave.
Gainesville, GA 30501

This 26th day of September, 2008.

/s/ Robyn M. Roth
RONALD F. NEGIN, ESQ.
GA Bar No. 537190
ROBYN M. ROTH, ESQ.
GA Bar No. 153025
ERIC JENNIGES
GA Bar No. 222426
**Counsel for Defendants**

**BOVIS, KYLE & BURCH, LLC**
200 Ashford Center North, Suite 500
Atlanta, Georgia  30338-2668
Phone: 770-391-9100
Fax:    770-668-0878
Facsimile:  (770) 668-0878

PDF created with pdfFactory trial version www.softwarelabs.com